IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CLIFTON SOLOMON | § | |
| v. | § | CIVIL ACTION NO. 5:21cv97 |
| OFFICER BRIAN GRUBER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Clifton Solomon, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Plaintiff's Complaint**

Plaintiff sues two police officers, Brian Gruber and Officer Jones, whom he says are in the Lancaster County Police Department in Lincoln, Nebraska, where he says the incidents occurred. He states that Officer Gruber told Plaintiff that he, Gruber, was a narcotics officer and that he had followed Plaintiff and stopped watched him stop at a known drug house, but Plaintiff contends that Gruber lied about the reason for stopping him. He also complains that Officer Gruber kept questioning him even though Plaintiff said that he wanted a lawyer. Plaintiff further states that Officer Jones stole $20 out of his property.

**II. Discussion**

28 U.S.C. §1391(b) reads as follows:

A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any

judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff states that the defendants are located and the incidents occurred in Lancaster County, Nebraska, which is outside of the territorial jurisdiction of the Eastern District of Texas. 28 U.S.C. § 1406(a) provides that a district court may transfer or dismiss any case laying venue in the wrong district or division. A transfer or dismissal of this case for improper venue is therefore appropriate.

However, Plaintiff's case suffers from a more fundamental flaw. He asserts that Officer Gruber lied to him about the reason for the stop and then questioned him despite Plaintiff's asking for counsel. The fact that Officer Gruber may have told him an inaccurate reason for the traffic stop does not implicate any constitutionally protected rights. *Cf. U.S. v. Magallon-Lopez*, 817 F.3d 671, 675 (9th Cir. 2016); *United States v. Spivey*, 861 F.3d 1207, 1214 (11th Cir. 2017). The fact that Plaintiff was questioned after he requested an attorney may be relevant in any criminal prosecution arising or which arose from this incident, but it does not give rise to liability under the Civil Rights Act. *See Vega v. Tekoh*, 142 S.Ct. 2095, 2101 (2022) (violations of the *Miranda* rules do not provide a basis for a § 1983 claim); *Cunningham v. Felix*, civil action no. 3:16cv2120, 2017 U.S. Dist. LEXIS 49298 (N.D.Tex., March 9, 2017), *Report adopted at* 2017 U.S. Dist. LEXIS 47498 (N.D.Tex., March 30, 2017) (where plaintiff did not allege that he was compelled to give a statement, much less that he made a statement which was incriminating, claim in civil rights lawsuit that he was subjected to questioning after invoking his right to counsel fails to state a claim upon which relief may be granted).

Plaintiff also asserts that Officer Jones stole $20 from him. The doctrine of *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981) (overruled in part on grounds not relevant here) and *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), known collectively as the *Parratt/Hudson Doctrine*, states that a random and unauthorized deprivation of a property or liberty interest does not violate procedural due process if the State furnishes an adequate post-deprivation remedy. *See Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991). Three pre-deprivation conditions must exist before the doctrine

can be applied.  These are: (1) that the deprivation be unpredictable; (2) that pre-deprivation process be impossible, making any additional safeguard useless; and (3) that the conduct of the state actor be unauthorized.  Where these conditions exist, the State cannot be required to do the impossible by providing pre-deprivation process. *Charbonnet v. Lee*, 951 F.2d 638, 642 (5th Cir. 1992), *citing Zinermon v. Burch*, 494 U.S. 113, 129 (1990); *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996).

This means that deprivations of property by jail officials, even when intentional, do not violate the Due Process Clause of the Fourteenth Amendment provided that an adequate state post-deprivation remedy exists. *Hudson*, 468 U.S. at 533.  Nebraska law provides an adequate state post-deprivation remedy. *See Weimar v. Amen*, 870 F.2d 1400, 1405 (8th Cir. 1989).

The theft of Plaintiff's property was plainly a random and unauthorized deprivation, and so the jail officials could not have provided pre-deprivation process. *See Brooks v. George County, Miss.,* 84 F.3d 157, 165 (5th Cir. 1996).  Because adequate state post-deprivation remedies exist, the appropriate forum for Plaintiff's claim lies in state court or the administrative processes of the Lancaster County Jail rather than federal court. *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1987); *Murphy*, 26 F.3d at 543; *see also Myers*, 97 F.3d at 94-95 (burden is on the complainant to show the state's post-deprivation remedies are not adequate).

### III. Conclusion

28 U.S.C. §1915A requires as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and upon such review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  A complaint fails to state a claim upon which relief may be granted when it does not contain sufficient factual matter, accepted as true, to state a claim to relief which is plausible on its face. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013), *citing Ashcroft v. Iqbal*, 556 S.Ct. 662, 678 (2009).

Plaintiff's complaint was brought in a court of improper venue and also lacks sufficient factual matter to state a claim for relief which is plausible on its face. Consequently, the lawsuit should be dismissed without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for improper venue and for failure to state a upon which relief may be granted. It is further recommended that the statute of limitations be suspended for a period of sixty days following the date of entry of final judgment.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 19th day of January, 2023.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE